

## de la O · Marko · Magolnick · Leyton
### ATTORNEYS AT LAW

Miguel M. de la O
Charles Duke Ferguson
Daniel L. Leyton
Elena M. Magolnick
Joel S. Magolnick
David Everett Marko
Farah J. Martinez

OF COUNSEL
Neal R. Sonnett

U.S. COURT OF APPEALS
**FILED**
APR 2 3 2009
CHARLES R. FULBRUGE III
CLERK

April 22, 2009

**BY U.S. MAIL**
Charles R. Fulbruge, III, Clerk
Attention:  Shirley M. Engelhardt
Assistant Calendar Clerk/Courtroom Deputy
United States Court of Appeals, Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana  70130-3408

**VIA EMAIL:**
shirley_engelhardt@ca5.uscourt.gov

RE:   **Frame v. City of Arlington**
        Case No. 08-10630, 08-10631

Dear Ms. Engelhardt:

This letter is submitted pursuant to Federal Rule of Appellate Procedure 28(j), and 5th Circuit Rule 28.4, because a pertinent and significant authority has come to Appellant's attention since Oral Argument was heard in this cause on April 1, 2009. The supplemental authority is *Dommert v. Raymond James Financial Services, Inc.*, 2009 WL 275440 (E.D. Tex., Feb. 3, 2009). At page *10, the court discusses the distinction between a statute of limitations (which begins to run when a cause of action accrues) and a statute of repose (which bars an action regardless of when the plaintiff discovers the relevant facts which causes the cause of action to accrue). The issues raised in *Dommert* are discussed in Appellants' Brief at pages 11 through 17 and in Appellants' Reply Brief at pages 6 through 12. Attached is a copy of *Dommert*. I am advising all counsel of record of this supplemental authority via electronic mail today.

Very truly yours,

**DE LA O, MARKO,
MAGOLNICK & LEYTON**

Miguel M. de la O, Esq.
delao@dmmllaw.com

CC:    Denise V. Wilkerson, Esq. (via email: Denise.Wilkerson@arlingtontx.gov
        Edwin J. Voss, Jr., Esq. (via email: evoss@bhlaw.net)



Slip Copy                                                      Page 1
Slip Copy, 2009 WL 275440 (E.D.Tex.)
(Cite as: 2009 WL 275440 (E.D.Tex.))

Only the Westlaw citation is currently available.

United States District Court,
E.D. Texas,
Beaumont Division.
Deborah DOMMERT, on behalf of herself and a
class of others similarly situated, Plaintiff,
v.
RAYMOND JAMES FINANCIAL SERVICES,
INC., et al., Defendants.
Civil Action No. 1:06-CV-102.

Feb. 3, 2009.

L. Dewayne Layfield, Attorney at Law, Wayne A. Reaud, Reaud Morgan & Quinn LLP, Beaumont, TX, Damon Michael Young, Young Pickett & Lee, Texarkana, TX, Jonathan Craig Falls, Falls Smith LLP, Austin, TX, for Plaintiff.

Linda Jean Broocks, Janiece M. Longoria, Thomas M. Gregor, Ogden Gibson Broocks & Longoria, George T. Shipley, Shipley Snell Montgomery, Houston, TX, Geoffrey Patton Culbertson, Nicholas H. Patton, Patton Tidwell & Schroeder, LLP, Texarkana, TX, for Defendants.

*ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION FOR SUMMARY JUDGMENT*

DAVID FOLSOM, District Judge.

*1 The Court this matter to United States Magistrate Judge Keith F. Giblin at Beaumont, Texas, for hearing and submission of a recommended disposition on case-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules for the United States District Court for the Eastern District of Texas.

On January 5, 2009, Judge Giblin issued his *Report and Recommendation on Motion for Summary Judgment* [Clerk's doc. # 93]. Judge Giblin recommended that the Court grant the Defendants' motion for summary judgment on the Plaintiff's remaining claims under the Investment Advisers Act and enter judgment in favor of the Defendants.

To date, no party has filed objections to the magistrate judge's findings and recommendation. Accordingly, having reviewed the record and Judge Giblin's report, the Court agrees with the magistrate judge's findings and recommended disposition. The Court **ORDERS** that the *Report and Recommendation on Motion for Summary Judgment* [Clerk's doc. # 93] is **ADOPTED.**Judge Giblin's findings and conclusions of law are incorporated in support of this order.

The Court further **ORDERS** that the *Defendants' Motion for Summary Judgment and Memorandum of Law in Support* [Clerk's doc. # 79] is **GRANTED.**Final judgment will be entered separately.

**REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT**

KEITH F. GIBLIN, United States Magistrate Judge. Pursuant to 28 U.S.C. § 636 and the Local Rules for the United States District Court for the Eastern District of Texas, the District Court referred this matter to the undersigned United States Magistrate Judge, at Beaumont, Texas, for entry of findings and recommendation on case-dispositive motions and determination of non-dispositive matters. *See Referral Order* [Clerk's doc. # 50]. Pending before the Court is *Defendants' Motion for Summary Judgment and Memorandum of Law in Support* [Clerk's doc. # 79].

**I. Background**

**A. Claims**

In this civil action, the Plaintiff, Deborah Dommert ("Plaintiff"), on behalf of herself and others similarly situated, filedher *First Amended Nationwide Class Action Complaint* [Clerk's doc. # 5] (the live pleading) against Defendants Raymond James Financial Services, Inc., Raymond James & Associates, Inc., and Raymond James Financial, Inc. (collectively, "Defendants"). The Defendants Raymond James & Associates and Raymond James Financial Services, Inc., are financial services firms providing clients with various securities investment services. *See First*

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy                                                                                                    Page 2
Slip Copy, 2009 WL 275440 (E.D.Tex.)
(Cite as: 2009 WL 275440 (E.D.Tex.))

*Amended Nationwide Class Action Complaint* [Clerk's doc. # 5], at p. 2;*Defendants' First Amended Original Answer* [Clerk's doc. # 10]. According to the Plaintiff's pleading, this includes the provision of administrative services, advice, management, and attorney-in-fact services. The Plaintiff alleges that Defendants violated an Investment Management Service Agreement [FN1] (hereinafter, the "Agreement") entered into by Plaintiff and Defendant Raymond James & Associates.

> FN1. The Defendant attached a copy of the Agreement to its motion for summary judgment as an exhibit.

*2 She specifically claims that Defendant violated the Agreement and related fiduciary duties by failing to disclose material information regarding the fees and other amounts that the Defendant(s) allegedly gained from the Plaintiff. *See First Amended Nationwide Class Action Complaint,*at p. 2. Plaintiff's claims included state common law causes of action and an alleged violation of the Investment Advisers Act of 1940 (codified at 15 U.S.C. § 80b-6) [FN2] (the "IAA" or "Advisers Act"). Specifically, she alleges that Defendants violated Section 206 of the Advisors Act [FN3], and she accordingly asserts her cause of action under Section 215 [FN4] of the Advisers Act for rescission of the Agreement and restitution and disgorgement of all fees paid under the IAS Account opened pursuant to the Agreement.

> FN2. Federal jurisdiction is not disputed. This Court maintains jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, the federal subject matter jurisdiction statute, because they arise under the federal Investment Advisor's Act.

> FN3.*See*15 U.S.C. § 80b-6.

> FN4.*See*15 U.S.C. § 80b-15.

On March 29, 2007, the District Court adopted the undersigned's recommendation and granted the Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) with regard to the Plaintiff's putative class action state common law claims for breach of fiduciary duty, breach of contract and related remedies. *See Order* [Clerk's doc. # 71]. The Court held that those claims were preempted

by the Securities Litigation Uniform Standards Act ("SLUSA") of 1998 and should accordingly be dismissed. The Court denied Plaintiff's request for reconsideration of that order, and then granted Plaintiff's motion to certify its orders for immediate interlocutory appeal to the United States Court of Appeal for the Fifth Circuit in accordance with 28 U.S.C. § 1292(b).*See Order Granting Motion to Certify Orders for Immediate Appeal* [Clerk's doc. # 89]. The Fifth Circuit denied the Plaintiff's request for interlocutory appeal, and also denied Plaintiff's motion for clarification of that decision. *See Appeal No. 07-00050, In the United States Court of Appeals for the Fifth Circuit, Dommert v. Raymond James Financial Svcs. Inc., et al.* As a result of the numerous orders and resulting case-disposition discussed above, the IAA claim is the only claim remaining before the Court.

On September 10, 2008, the Defendants requested that the Court lift its previous stay of this case pending the outcome of the interlocutory appeal and allow the Defendants to re-urge their earlier filed motion for summary judgment. The Court granted that request, and the motion for summary judgment [Clerk's doc. # 79] is now ripe for determination. *See Order Granting Motion to Lift Stay and to Reassert Motion for Summary Judgment.*[Clerk's doc. # 92].

**B. Alleged Facts**

The parties executed the Investment Management Service Agreement at issue on May 11, 1998, and the Investment Advisory Services Account ("IAS Account")was opened on the same date. *See Agreement, Filed with Exhibit A to Motion for Summary Judgment; see also Deposition Excerpts from Deposition of Deborah Dommert, also Filed with Exhibit A.* The IAS Account was then canceled on September 22, 1998. *See Letter from Cyndy L. Hilbert of Raymond James & Associates, Inc. to Ms. Dommert, filed with Exhibit A to Motion for Summary Judgment.*

*3 Dommert first filed suit against the Defendants on June 25, 2004, when she initiated her first pleading against the Defendants in state court.[FN5] Her LAA claim was first filed on February 27, 2006, when the Plaintiff filed her first federal complaint in this cause of action to include an alleged violation of the Investment Advisors Act by Defendants. *See Complaint* [Clerk's doc. # 1].

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

FN5. The parties are well-aware of the lengthy procedural history of this litigation and the Court will not discuss that history here except where relevant to the summary judgment motion. For a more detailed recitation of the previous filings in Ms. Dommert's case, please see earlier briefings in the case, in the related case before United States District Judge Thad Heartfield, and the transcript of the November 7, 2006, hearing that this Court held on the motion to dismiss.

According to the Plaintiff's live pleading, the *First Amended Nationwide Class Action Complaint,* Defendants utilize financial advisors as independent contractors to generate clients who enter into accounts for financial services with one or more of the Defendants. The Plaintiff contends that the Defendants provide "incentives" to the independent financial advisors to steer their clients into fiduciary relationships with the Defendants. The basic incentive scheme described by Plaintiff includes (1) the clients being charged much higher fees; (2) Defendant(s) being appointed as the client's fiduciary with complete discretionary authority over the client's funds; (3) Defendant then assigns management of the client's funds to outside money managers [FN6]; and (4) Defendants and advisors profit from their clients' accounts while doing less work than if they were actively managing their client's funds themselves. *See First Amended Complaint,* at p. 8.

FN6. In Ms. Dommert's case, the Agreement reflects that Mastrapasqua & Associates was designated as the third party outside money manager responsible for managing her funds. *See Investment Management Services Agreement* ("Agreement,"), filed as an exhibit to the motion for summary judgment.

Plaintiff further contends that the Defendants did not disclose important information, including material details about fees and financial gain retained by Defendants. Defendants also allegedly established a system "wrought with conflicts of interest in the form of undisclosed financial incentives."Plaintiff's *First Amended Complaint* continues to describe, in general terms, how this "system" worked. The financial advisors would enter into contracts with clients (putative class members) through which the client would open an investment account with Defendant(s). Under the contract, the Defendant would agree "to actively manage the client's fund in return for a fee."As described above, the Defendants would undertake various fiduciary duties to the clients under the Agreement. However, Plaintiff alleges that the Defendants would then charge the client a much higher advance annual fee on the client's assets in the account. They would also delegate management of the client's funds to an outside third party manager. The Defendants then would allegedly "split up" the increased fee paid by the client by paying the outside manager a portion, keeping an undisclosed part of the fee for Defendant Raymond James Associates, another part would go to Defendant Raymond James Financial Services, and finally another part would be paid to the advisor, acting as an independent contractor for Defendants. The advisor was paid an undisclosed percentage of the fee as an undisclosed kick-back for "steering" the client into the more expensive account.

Based upon these facts set forth in the Plaintiff's pleading, the Investment Advisers Act claim states that the Defendants' conduct included omissions of material facts to the Plaintiff regarding Defendants' services, fees, remuneration and financial gain taken by Defendant through its fiduciary relationships with the Plaintiff. This allegedly violated Section 206 of the Investment Advisers Act. Relatedly, under Section 215 of the IAA, the Plaintiff requests rescission of her Agreement with Defendants and restitution of the fees paid to Defendants.

**C. Motion for Summary Judgment and Opposition**

*4 In their motion for summary judgment, the Defendants generally argue that judgment should be granted in their favor because the Plaintiff's remaining claims asserted under the IAA are time-barred. Specifically, they contend that Plaintiff's claim should have been filed within three years of the alleged violation of the Act. As stated above, Plaintiff opened her IAS Account on May 11, 1998, and it was closed on September 22, 1998, but she did not file her claims until June 25, 2004, almost six years later, and she specifically did not plead an Advisers Act claim until even later, in 2007 with her first pleading in this proceeding. Defendants contend that the alleged violation accrued with the opening and closing

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

of the IAS Account in 1998, and therefore her claims are time-barred because she filed suit well past the three year limitation for this alleged violation. The Defendants also argue that the claim cannot be tolled by any rule of equity or discovery, and that the provisions of the Sarbanes-Oxley Act do not extend the statute of limitations for Ms. Dommert's claim, and, even if they did, her claims would still be untimely. Accordingly, they request that the Court dismiss Plaintiff's remaining Advisers Act claim as a matter of law.

The Plaintiff responded in opposition to the motion for summary judgment. *See Plaintiff's Response* [Clerk's doc. # 81]. She argues that her limited remedies provided by the IAA and as construed by the Supreme Court's holding in *Transamerica Mortgage Advisers, Inc., v. Lewis*[FN7] are equitable and remedial in nature and are accordingly not subject to a statute of repose or limitations. *See id.*She also states that she did not discover the Defendants' allegedly wrongful conduct at issue until March and April of 2005, when conducting discovery during the course of litigation. Because she contends that her claims exist only in equity, she further argues that equitable tolling should apply in this case and a statute of repose or limitations does not apply to her claims sounding in equity as the only remaining remedies are equitable in nature She relatedly alleges that the Defendants concealed certain facts which would make her aware of the alleged violation, and this presents fact issues concerning when she first discovered the facts made the basis of her Advisers Act claim.

> FN7. 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979).

The Defendants replied to Plaintiff's response. *See Reply* [Clerk's doc. # 83]. In their reply, the Defendants argue that the Plaintiff's arguments have no legal support. The Defendants cite case law in support, and distinguish cases cited by Plaintiff in her response. They also address the Plaintiff's arguments related to fraudulent concealment and the date of discovery of the alleged violations by contending that they are untrue and irrelevant.

**II. *Discussion***

**A. General Summary Judgment Standard**

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."FED. R. CIV. P. 56(c). This rule places the initial burden on the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)); *Stults v. Conoco, Inc.,* 76 F.3d 651, 655-56 (5th Cir.1996) (citations omitted). The movant's burden is only to point out the absence of evidence supporting the nonmovant's case. *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir.1992). When the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, the non-movant may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial. *Webb v. Cardiothoracic Surgery Assocs. of North Texas, P.A.,* 139 F.3d 532, 536 (5th Cir.1998).

*5 An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Anderson,* Ml U.S. at 255-56. The admissibility of evidence is subject to the same standards and rules that govern the admissibility of evidence at trial. *Donaghey v. Ocean Drilling & Exploration Co.,* 914 F.2d 646, 650 n. 3 (5th Cir.1992).

Other courts have considered statute of limitations issues submitted with motions for summary judgment. *See, e.g., Burlington Northern & Santa Fe Ry. Co. vo Poole Chem. Co.,* 419 F.3d 355 (5th Cir.2005). They have also entered summary judgment in cases where the Court held that a parties' claim was time-barred as a matter of law under the applicable statute of limitations or statute of repose. *See id.; see also Seatrax Inc. v. Sonbeck Int'l, Inc.,*

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2009 WL 275440 (E.D.Tex.)
(Cite as: 2009 WL 275440 (E.D.Tex.))

Page 5

200 F.3d 358 (5th Cir.2000).

**B. Timeliness of the IAA Claim**

*The Investment Advisers Act and Statute of Limitations/Repose*

The Investment Advisers Act regulates the conduct of investment advisers. *Kahn v. Kohlberg, Kravis, Roberts & Co., 970 F.2d 1030, 1033 (2d Cir.), cert. denied 506 U.S. 986, 113 S.Ct. 494, 121 L.Ed.2d 432 (1992).* The Investment Advisers Act, Section 206, is an anti-fraud provision setting forth certain transactions by investment advisers which are prohibited. Among other things, Section 206 makes it unlawful for any investment adviser "to employ any device, scheme, or artifice to defraud any client or prospective client," and "to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative."15 U.S.C. § 80b-6(1) and (4).

Section 215 of the IAA is the related provision which sets forth remedies for violations of the Advisers Act. It provides that contracts whose formation or performance would violate the Act are void. *See* 15 U.S.C. § 80-b15; *Kahn, 970 F.2d at 1033.* In *Transamerica Mortgage Advisors Inc. v. Lewis,* the United States Supreme Court held that Section 215 provides for a limited private right of action for rescission for violations of the IAA. *Id.* at 444 U.S. 11, 24, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979). The Court specifically stated that "there exists a limited private remedy of the Investment Advisers Act of 1940 to void an investment advisers contract, but that the Act confers no other private causes of action, legal or equitable."*Id.* This private remedy consists of rescission only, and the rescinding party may have restitution of the consideration given under the contract, less any value conferred by the other party. *Id.* at n. 14.The IAA itself does not contain a specific statute of limitation for bringing a cause of action for this sole private remedy. *See Wuliger v. Anstaett, 363 F.Supp.2d 917, 932 (N.D.Ohio 2005).*

In *Kahn,* the Second Circuit conducted a thorough examination in determining the applicable limitations period for an IAA claim. In reviewing the district court's decision and following the Supreme Court's opinion in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*[FN8], the Second Circuit looked to claims under the federal Securities Acts as opposed to state law claims or breach of common law duties in assessing the appropriate statute of limitations. *Kahn, 970 F.2d at 1037.* The Court explained that "the limitations period provided for in the securities area represents a balancing of the same interests as are involved in the IAA", thus providing a "closer fit." *Id.* The Court concluded that the limitations period used in the Securities Acts is the most appropriate limitations period to apply to an Investment Advisers Act claim. The *Kahn* court therefore held that "the appropriate limitations period to apply to an IAA action for rescission is either one year from the wrong or one year from the discovery/three years from the wrong."[FN9]*Id.* at 1039.The Court will refer to this as the "one/three year" limitations period for purposes of this report.

> FN8. 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321, 115 L.Ed. 321 (1991).
>
> FN9. Certain provisions of the 1933 and 1934 Securities Acts provide that suits for claims under the Acts must be commenced within one year of the discovery of the claim and at least three years after the date of the injury. *See Kahn,* at 1038.

**\*6** In researching the issue, many other courts have reached the same conclusion post-*Kahn.See Thomas v. Metropolitan Life Ins. Co.,* CIV-07-01210F, 2008 U.S. Dist. LEXIS 82201, 2008 WL 4619822 (W.D.Okla. Oct. 16, 2008) ("The IAA does not include its own limitations or repose provisions; rather, the IAA borrows its limitations and repose periods from the federal Securities Acts."); *Malone v. Clark Nuber, P.S.,* No. 07-2046RSL, 2008 U.S. Dist. LEXIS 48461, 2008 WL 2545069 (W.D. Wash. June 23, 2008) ("Following the reasoning set forth in *Kahn,* the Court also finds that the statute of limitations in the Exchange Act is applicable"); *Wuliger, 363 F.Supp.2d at 932* ("courts considering the applicable statute of limitations relative to the IAA have been fairly uniform in their application of the same statute of limitations under the 1933 and 1934 Securities Act"); *In re Integrated Resources, Inc., 851 F.Supp. 556, 567 (S.D.N.Y.1994)* ("The limitations period applicable to claims under the IAA is the same as that for claims under the 1933 and 1934 Securities Acts, one year from discovery and three years from the alleged violation").

Based upon these interpretations of the IAA and hav-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

ing been cited no on point authority holding to the contrary, the Court accordingly concludes that the one/three year limitations and repose period discussed in *Kahn* applies to Plaintiff's cause of action under the IAA. Therefore, in order for her claims to survive this limitations period, she must have filed her IAA claim either within one year after the alleged violation, or one year after the discovery of the violation and within three years after the actual violation. In other words, Ms. Dommert must have filed the IAA claim within three years of the alleged violation, regardless of when it was discovered.

Turning to the facts of this case, the Plaintiff's IAA claim was not filed within the applicable statute of limitations and repose. Her claims allege violations of the Act occurring in 1998, accruing from the opening of the IAS Account and execution of the Agreement in May 1998 through the cancellation and closing of that Account on September 22, 1998. Accordingly, under the applicable one/three statute of limitations and repose, her claims must have been filed by September 2001 at the latest. Ms. Dommert did not file any claim against the Defendants until June 25, 2004, and did not file her IAA claim until she initiated her first pleading including her IAA claim in this cause of action on February 27, 2006. Because her claim was filed well over three years (in fact, over seven years) after the limitations/ repose period expired, they are accordingly time-barred.

*Does Sarbanes-Oxley Have an Affect?*

Having concluded that the one/three year statute of limitation/ repose applies and bars Plaintiff's IAA claim, for the sake of completeness the Court will also address whether the Sarbanes-Oxley Act applies to Plaintiffs IAA claims and accordingly whether Sarbanes-Oxley affects the limitations period. The Defendants address this issue in their motion, and a handful of other courts have faced it in considering the limitations or repose period for IAA claims, as discussed *infra*.

*7 The time periods provided for in the Sarbanes-Oxley Act of 2002 extend certain limitations-type periods. *Thomas*, 2008 U.S. Dist. LEXIS 82201 at *6, 2008 WL 4619822.In pertinent part, Sarbanes-Oxley provides that "a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory require-

ment concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 [FN10]... may be brought not later than the earlier of ... 2 years after the discovery of the facts constituting the violation ... or ... 5 years after such violation."*Id.* Quoting 28 U.S.C. § 1658(b). Thus, where it applies, Sarbanes-Oxley extends the federal securities law's one-year limitations period to two years and its three-year repose period to five years. *Id.* at *6-*7.

FN10.15 U.S.C. § 78c(a)(47).

As the *Thomas* court discusses, there is little determinative authority on the question of whether Sarbanes-Oxley applies to IAA claims as rulings from other courts "go both ways." *Id.* at *9. In *Thomas*, Judge Friot goes on to discuss each of these other cases, comparing them and ultimately concluding that the extended time periods of Sarbanes-Oxley applied to the plaintiffs' IAA claims. *Id.* at *9-*13.(Citing *Phoenix Four, Inc. v. Strategic Resources Corp.*, No. 05-CIV-4837, 2006 U.S. Dist. LEXIS 6512, 2006 WL 399396, *6-8 (S.D.N.Y. Feb. 22, 2006); *Kleinman v. Oak Associates, Ltd.*, No. 5:07-CV-0698, 2007 U.S. Dist. LEXIS 51314, 2007 WL 2071968, *2-3 (N.D.Ohio July 16, 2007); *Norman v. Salomon Smith Barney, Inc.*, 350 F.Supp.2d 382, 391 (S.D.N.Y.2004); *Broadhead Ltd. Partnership v. Goldman, Sachs & Co.*, No. 2:06-CV-009, 2007 U.S. Dist. LEXIS 21302, 2007 WL 951623 at *6 (E.D.Tex. March 31, 2007) ("[T]he Sarbanes-Oxley Act requires a plaintiff to bring a claim for violation of the [LAA] within five years after the violation or two years after discovery of the violation, whichever is earlier."); *Flood v. Makowski*, No. 3:CV-03-1803, 2004 U.S. Dist. LEXIS 16957, 2004 WL 1908221 at *32 (M.D. Pa. Aug. 24, 2004) ("[T]he LAA does not contain an express statute of limitations. However, the Sarbanes-Oxley Act of 2002 ... created a statute of limitations applicable to the LAA"); *Wuliger v. Anstaett*, 363 F.Supp.2d 917, 932-33 (N.D.Ohio 2005) (assuming for purposes of discussion only, that Sarbanes-Oxley may apply to IAA claims)).

Although unpublished, the *Thomas* opinion is the most recent and the most thorough discussion that the undersigned found on the issue of applying the Sarbanes-Oxley Act's extended limitations periods to IAA claims. This Court does not specifically hold that the Sarbanes-Oxley Act's limitations period does in fact apply in this case, but the undersigned derives

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

guidance from the *Thomas* case in considering that it *may* apply to the Plaintiff's claims. In doing so, this Court only reaches this conclusion for argument purposes, as the decision in *Thomas* was reached on a case-driven basis, specific to the allegations pled in the Thomas' complaint. *See Thomas,* at \*2. This is because even in holding that the Sarbanes-Oxley extension may apply to Plaintiff's case, the Court reaches the same result in concluding that her claims are time-barred.

**\*8** Assuming *arguendo* that Sarbanes-Oxley applies to the plaintiff's claims under the IAA, applying the two year statute of limitations, which commences 2 years after the discovery of the facts constituting the violation,[FN11] or five years after the violation in fact occurred, whichever is earlier, this still places her claim outside the applicable limitations period. Accordingly, Plaintiff's claims are not viable for two reasons. First, this Court has determined that they are outside of applicable limitations/repose period under the IAA as addressed above. Secondly, because she did not file her IAA claim until February 27, 2006, which is also outside of the two/five year extension of Sarbanes-Oxley, her extinguished claims also cannot be revived based upon the Sarbanes-Oxley Act. *See, e.g., Wuliger,* at 932-33.

FN11.*See*28 U.S.C. § 1658(b)(1).

Furthermore, the Court notes that any argument that Sarbanes-Oxley's two year inquiry notice/five-year statute of limitations period should apply is weakened in this case by the fact that the Plaintiff's IAA claim was actually time-barred in September 2001, before Sarbanes-Oxley was even enacted. *See, e.g. Pro Bono Invs., Inc. v. Gerry,* No. 03-Civ-4347, 2005 U.S. Dist. LEXIS 22348 at \*38, 2005 WL 2429787 (S.D.N.Y. Sept. 30, 2005). Courts have concluded that the Act did not revive time-barred claims. *See id.*Citing *In re Enter. Mortgage Acceptance Co. Sec. Litig.,* 391 F.3d 401, 403-404 (2d Cir.2004). However, the Court reiterates that it is addressing the Sarbanes-Oxley application for the sake of argument because even if it does apply here, Ms. Dommert's IAA claim is still time-barred.

The burden of proof is upon the Defendant to establish that the statute of limitations has run relative to their affirmative defense. *Wuliger,* 363 F.Supp.2d at 932 (citing *Griffin v. Rogers,* 308 F.3d 647, 653 (6th

Cir.2002); *In re Integrated Resources Real Estate Ltd. P'ships Sec. Litig.,* 815 F.Supp. 620, 637-638 (S.D.N.Y.1993)). The Defendants have carried their burden in establishing that Plaintiff's claims are time-barred as a matter of law. The burden now shifts to the Plaintiff to establish a genuine issue of material fact on the timeliness of her IAA claim to survive summary judgment.

*Plaintiff's Arguments Regarding Timeliness of Her Claims and Equitable Tolling*

As stated above, in her response the Plaintiff cites two cases for the proposition that a federal court sitting in equity may award a disgorgement remedy outside of a limitations period because equitable claims for disgorgement are purely remedial and as such are exempt from statutes of limitations. *See Response; SEC v. Jones,* 476 F.Supp.2d 374 (S.D.N.Y.2007); *SEC v. Cavanaugh,* 445 F.3d 105 (2d Cir.2006). The Plaintiff then attempts to distinguish the *Kahn* court's holding that the one/three year limitations period applies to IAA claims by arguing that her claims sound in equity and thus should be subject to the rules of equity rather than the limitations period applied by *Kahn.*She relatedly contends that the limitations/repose period should apply to actions for damages only.

**\*9** While Plaintiff's argument is creative, she fails to address the fact that several other courts have followed *Kahn* in applying the one/three year period applicable to securities actions, as the undersigned already discussed at length. Many of those courts conducted a thorough discussion of the applicability, considering congressional intent and the comparing the securities laws to the IAA. Accordingly, the Plaintiff's attempt to criticize the *Kahn* holding's application to this case is undercut by the fact that several other district courts have in fact applied the one/three limitations and repose period to IAA claims such as the one at issue here.

Furthermore, the cases that Plaintiff cites for her argument regarding equity are clearly

distinguishable from this one involving an IAA claim. Both *Jones* and *Cavanaugh* involved enforcement actions commenced by the Securities and Exchange Commission rather than individual investors filing private causes of action. In *Cavanaugh,* there

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy                                                                    Page 8
Slip Copy, 2009 WL 275440 (E.D.Tex.)
**(Cite as: 2009 WL 275440 (E.D.Tex.))**

was not even an IAA claim alleged., and *Jones* involved the interpretation of a limitations period under 28 U.S.C. § 2462, which is specific to enforcement proceedings and thus inapplicable here. Plaintiff appears to be recasting her claims for disgorgement as equitable in nature, but the fact remains that they were brought pursuant to the Investment Advisers Act, and the case law is clear in directing the Court to apply the one/three years limitations and repose period as discussed above. Accordingly, the undersigned is not persuaded by Plaintiff's arguments in this regard.

The Plaintiff also argues that there are issues of fact regarding when she discovered the facts that put her on notice of the alleged IAA violations by Defendants. She accordingly contends that fact issues remain as to whether her IAA claim is time-barred.

An IAA cause of action for rescission accrues "when the agreements were entered into."*See Kleinman v. Oak Associates, Ltd.*, No. 5:07-CV-0698, 2007 U.S. Dist. LEXIS 51314, 2007 WL 2071968, *7-*9 (N.D.Ohio July 16, 2007) (quoting *Kahn*, 970 F.2d at 1042). An action for rescission accrues when the contract is executed. *See Phoenix Four, Inc., v. Strategic Resources Corp.*, No. 05-CW-4837, 2006 U.S. Dist. LEXIS 6512, at *15, 2006 WL 399396, at *6 (S.D.N.Y.2006). The court in *Kahn* stated that "an investment adviser harms the purchaser of his investment advice at the time he enters into a contract that commits the purchaser to pay for the advice."*Id.* at 1041.Here, the Plaintiff is requesting rescission of the Investment Management Agreement and restitution of fees paid under that Agreement pursuant to the IAA. She does not offer any legal authority or summary judgment evidence which would place the accrual of her claim for rescission at any time other than the May 1998 execution of the Agreement. She alleges that the Defendants made misstatements and omissions of material facts under the Agreement which give rise to the IAA claim. Taking these facts as true, Plaintiff was accordingly harmed when she entered into the Agreement with Defendants on May 1998. In accordance with these facts, the claim accrued in May 1998, and she would have had to file her IAA claim by 2001 in order to fall within the three years from injury limitation borrowed from the Securities Act. *See, e.g., Kleinman*, at *8. Again, Plaintiff's claim is time-barred.

**\*10** The plaintiff is also not saved by her argument regarding when she discovered or was put on notice of the alleged IAA violations. *See Wuliger v. Anstaett*, 363 F.Supp.2d 917, 926 (N.D.Ohio 2005). The cases discussing the applicable limitations period explain that claims brought after the three year statute of repose are barred regardless of when the plaintiff discovered the relevant facts. *Id.* A statute of repose bars a suit a fixed number of years after the defendant acts in some way, even if this period occurs before the plaintiff suffers any injury. *Black's Law Dictionary* (8th ed. 2004) A statute of repose is therefore distinguishable from a statute of limitations in that a statute of repose is absolute and cannot be tolled under either fraudulent concealment or discovery doctrines. *Wuliger*, at 926 (citing *In re Integrated Resources, Real Estate Ltd. Partnership Sec. Litig.*, 851 F.Supp. 556, 557 (S.D.N.Y.1994)); *see also Del Sontro v. Cendant Corp.*, 223 F.Supp.2d 563, 570 (D.N.J.2002) ("the three year period is not tied to discovery of a fraud, but instead begins to run immediately upon the accrual of the cause of action ... as such it serves as an absolute bar to any claims brought more than three years after accrual, regardless of when a plaintiff discovered or could have discovered that he had a claim.")

By setting the one year statute of limitations framed by the three year statute of repose in the applicable laws governing IAA claims, Congress recognized the a definitive end to liability from suit and the Court must be careful not to construe the statute in a manner that renders part of the law superfluous. *Wuliger*, at 926 (quoting *United States v. Perry*, 360 F.3d 519, 537 (6th Cir.2004); *see also Morris v. Wirtz*, 818 F.2d 1329, 1332 (7th Cir.1987) ("Congress included statutes of repose because of fear that lingering liabilities would disrupt normal business and facilitate false claims. It was understood that the three year rule was to be absolute."). Congress meant to impose a three year statue of repose and courts have consistently applied that to IAA claims. This Court is unwilling to overlook that in considering Plaintiff's arguments. Accordingly, even taking her statement as true that she may not have discovered the alleged IAA violations until 2004 or 2005, this is irrelevant and does not save her claims because the repose period requires that her claim be filed within three years of accrual, regardless of discovery, as discussed above. The Court therefore is unpersuaded by Plaintiff's arguments to the contrary and still concludes that her IAA claim is time-barred as a matter of law.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy                                                                                                    Page 9
Slip Copy, 2009 WL 275440 (E.D.Tex.)
**(Cite as: 2009 WL 275440 (E.D.Tex.))**

### III. *Conclusion and Recommended Disposition*

Based upon the findings and conclusions stated herein, the Court concludes that the Defendants have established that no issue of genuine material fact exists on whether Plaintiff's Investment Advisers Act claim is time-barred under the applicable statute of limitations and repose. The Court accordingly finds that the Plaintiff's IAA claim is time-barred as a matter of law and recommends that the *Defendants' Motion for Summary Judgment and Memorandum of Law in Support* [Clerk's doc. # 79] be **granted.**As the Plaintiff's IAA claim is the only remaining cause of action in this case, the Court would further recommend that judgment be entered in favor of the Defendants.

### IV. *Objections*

*11 Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 1(a), 6(b), and 72(b). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n., 79 F.3d 1415 (5th Cir.1996)* (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72. SIGNED this the 5th day of January, 2009.

E.D.Tex.,2009.
Dommert v. Raymond James Financial Services, Inc.
Slip Copy, 2009 WL 275440 (E.D.Tex.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.